UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARIA RESENDIZ MONTOYA,

Petitioner,

v. Case No. 3:26-cv-2976-MMH-LLL

GARRET J. RIPA, et al.,

Respondents.

---

**ORDER**

Petitioner Maria Resendiz Montoya, an immigration detainee, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition) on October 28, 2026. See generally Petition. Resendiz Montoya, a citizen of Mexico, entered the United States without inspection in 2005. Id. at 2. On October 14, 2026, United States Immigration and Customs Enforcement detained Resendiz Montoya. Id. The crux of Resendiz Montoya's Petition is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, she is entitled to a bond hearing. Id. at 7–9. As relief, she requests immediate release or, alternatively, a bond hearing. Id. at 11.

The Federal Respondents recognize that Resendiz Montoya is entitled to an individualized bond hearing, Response to Petition for Writ of Habeas Corpus (Doc. 5; Response) at 2–3, based on the Eleventh Circuit Court of

Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, see 175 F.4th 1258, 1276 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Nevertheless, the Federal Respondents argue that Resendiz Montoya has not exhausted her administrative remedies, and therefore, ask the Court to dismiss the Petition. Response at 4–6.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Resendiz Montoya has failed to exhaust her administrative remedies because she has not requested a bond redetermination before an immigration judge and received a ruling. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Resendiz Montoya filed the Petition, the Eleventh Circuit had concluded that noncitizens detained within the interior of the United States, such as Resendiz Montoya, are entitled to a bond hearing. And

the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Resendiz Montoya's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** is directed to terminate any motions, enter judgment dismissing without prejudice the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

c:
Counsel of Record